FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE NEW MEXICO

SEP 0 1 2016

MATTHEW J. DYKMAN
CLERK

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

2001 Chevy Impala Plate number NFW031 VIN:
2G1WF55K019177602NFW031

) Case No. 16mr626
)
)
)
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

located in the ____Zuni Pueblo____ District of ____New Mexico____ , there is now concealed *(identify the person or describe the property to be seized):*

Described in Attachment B, (Items to be Seized), Incorporated by Reference as if Fully Restated Herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 United States Code (USC), Section: §841; Prohibited acts A; (a) | Trafficking of controlled substances. |

The application is based on these facts:

See AFFIDAVIT of Lt. Vinton Gachu

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

VINTON J. GACHU
*Printed name and title*

Sworn to before me and signed in my presence.

Date: September 1, 2016

City and state: Albuquerque, NM

*Judge's signature*

KAREN B. MOLZEN
U.S. MAGISTRATE JUDGE
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW MEXICO


AFFIDAVIT FOR SEARCH WARRANT


1. I, Vinton Ghachu, have experience as a Law Enforcement Officer since June 1990 and have performed law enforcement duties as a Patrol Officer, Lieutenant and Criminal Investigator while employed with the Zuni Tribal Police Department (ZTPD). I have been employed with the Zuni Tribal Police Department (ZTPD) for approximately 25 years and received my Special Law Enforcement Commission (SLEC) on October 6, 2015. My primary duties as a Police Lieutenant and Criminal Investigator are to investigate major criminal offenses which occur within the exterior boundaries of the Zuni Indian Reservation. Investigation of Narcotics and Drug Distribution crimes is one of my responsibilities. The information set forth in this affidavit is known to me as a result of my own investigation or has been communicated to me by other Zuni Tribal law enforcement officers.


2. This affidavit is being submitted for the purpose of securing a Search Warrant; I have not included each and every fact known to me concerning this investigation. I have set forth facts necessary to establish Probable cause to search a Gold four door Chevy Impala, bearing New Mexico License plate number of: NFW031 displayed on the rear of the vehicle. The Vehicle Identification Number (VIN) is: 2G1WF55K019177602 and is registered

1

to Joanne V. Cheama who has a mailing address of: P.O. Box 1082; Zuni, New Mexico 87327; a physical address of: Space #5 White's Trailer Park, Zuni, New Mexico 87327. The above vehicle has tinted windows; and is currently on police hold at Big "B" Towing Yard; #21 DY Springs Road; Zuni, New Mexico which is located within the Exterior Boundaries of the Zuni Reservation, McKinley County.

3. This vehicle that is owned by Joanne V. Cheama is alleged to have been used in the illegal distribution of drugs and narcotics by her son, DILLION CHEAMA within Indian Country, in violations of ~~Title 18, United States Code, Section 1153; Major Crimes Act; and~~ Title 21, United States Code, Section 841; Prohibited acts A; (a) (1).

4. The vehicle is secured by a locked chain link fence and is monitored by the owner of the Tow Yard identified as Bradley Peyketewa. The above mentioned vehicle also has been properly secured with evidence tape pending approval of the Search Warrant, and was photographed both before and after the evidence tape was placed on the vehicle.

5. On Friday August 26, 2016 at about 7:19 a.m., Officers with the Zuni Police Department were requested in the area of Weahkee Drive and State Highway 53 in reference to an individual passenger in a vehicle who pointed a gun at Community Service workers who were cleaning the side of the roadway while traveling east bound on State Highway 53 in an older model Gold Chevy

Impala. The vehicle was described as having tinted windows and paint missing on the rear bumper. The vehicle was alleged to also have an NFL Green Bay Packer novelty plate displayed on the front bumper. An Attempt To Locate (ATL) was conducted by Officer Ronnie Simplicio and Sergeant Syverson Homer, both officers with the Zuni Police Department.

6.  Officer Ronnie Simplicio began his preliminary investigation and met with Zuni Probation Field Compliance Officer Donovan Kallestewa who was the complainant and two witnesses. Both witnesses stated they observed a gold or grey colored Chevy Sedan, possibly a Malibu or Impala with four doors and tinted windows approach their location while traveling east bound on State Highway 53 with music playing very loud from within the vehicle. The vehicle was occupied by two Native American males with short hair. As the vehicle approached the Community Service Workers' immediate location, the right front passenger brandished a silver and black colored handgun at the workers by pointing and waving the handgun at them through the open front passenger side window. The witnesses stated, "the right front passenger pointed and waved the handgun at us for no apparent reason." There was no license plate information obtained however a distinct "Green Bay Packers" Novelty plate was described as being affixed to the front bumper. The witnesses also described the vehicle as having faded or chipped paint along the rear bumper.

7.      At about 7:43 a.m. Officer Simplicio observed a vehicle matching the description given by witnesses within the area of Pine Street and Route 301 East. At that time Officer Simplicio engaged his emergency equipment and attempted to conduct a traffic stop on a Gold Chevy Impala with four doors bearing New Mexico License Plate number of: NFW031, also displaying a "Green Bay Packers" novelty plate in the front and with chipped paint on the rear bumper. The vehicle continued to travel west on Pine Street and eventually pulled into the driveway of house #56 Pine Street and came to a complete stop.

8.      Officer Simplicio began giving the driver verbal instructions to exit the vehicle which the driver did do. While the driver was getting out of the vehicle, the front right side passenger hastily exited the vehicle and shut the passenger door behind him and quickly staggered around to the driver's side of the vehicle. Officer Simplicio gave the passenger numerous verbal commands to get back inside the vehicle; however the passenger ignored his commands and closed the driver's side door behind him and locked it, even though the driver exited the vehicle. The male passenger was eventually handcuffed and detained by Sergeant Syverson Homer and was placed inside a marked police vehicle pending further investigation.

9.      The male passenger verbally identified himself as "DILLION" to Officer Simplicio who recognized "DILLION" to be "DILLION CHEAMA" from having previous encounters with him. DILLION was said to have a very strong

4

odor of intoxicating liquor or beverage emitting from his breath and person. DILLION'S eyes were noticeably very red and bloodshot and had slurred speech. DILLION CHEAMA was placed under arrest and charged with: Tampering with Evidence, Aggravated Weapons Offense, Drug Abuse and Intoxication in tribal court.

10. At this point Officer Simplicio ordered out the driver at gunpoint (being concerned about officer safety because of the passenger's actions) to exit the vehicle to walk towards him with his arms and hands above his head and commanded him to get down on his knees once he reached the rear of the Chevy Impala. Officer Simplicio approached the driver and handcuffed him without further incident. During contact with the driver, Officer Simplicio could smell a strong odor of intoxicating liquor coming from his breath and detected he had red bloodshot eyes and slurred speech. As Officer Simplicio was escorting him to his patrol vehicle, the driver identified himself as "DAVY" with no last name given. Prior to his arrest, Officer Simplicio advised DAVY that he suspected him to be under the influence of intoxicating liquor or drugs and asked DAVY if he consumed any liquor or drugs before driving. DAVY admitted to drinking 4 "Corona" beers. Officer Simplicio asked DAVY if he would submit to any Standardized Field Sobriety Tests (SFST). DAVY agreed to the test, however, only completed one phase of the test which was the Horizontal Gaze Nystagmus (HGN). DAVY was informed that due to the circumstances of this investigation, the remainder of the SFST would be administered to him at the Zuni Detention

Center, although they were not. The test clues indicated to Officer Simplicio that DAVY was impaired and was placed under arrest on multiple tribal charges including DWI. Upon transport to the Zuni Detention Center before he was booked, Officer Simplicio read him the "The New Mexico Implied Consent Act" requiring him to submit to a breath test, blood test or both to determine the alcohol or drug content in his blood. After he was read the consent act, he refused to be tested. During booking procedure, his identity was confirmed as: DAVY ESALIO; Year of Birth: 1995. DAVY ESALIO was charged with: Drug Abuse, Driving License Requirement, DUI Intoxicating Liquors or Drugs, Refusal to Submit to Chemical Test, Evidence of Insurance, and Evidence of Registration.

11.    At about 7:50 a.m. Criminal Investigator Krissy Leekity was contacted by Zuni Police Chief Timothy Trimble via cell phone and was requested to respond to house #56 Pine Street and to assist Patrol Officers with this incident. Upon CI Leekity's arrival, Chief Trimble briefed CI Leekity with the details of the incident and pointed out several articles that were observed in plain view. Sergeant Homer was the only other Officer on scene. Officer Simplicio cleared from the scene and was transporting the two occupants of the vehicle to the Zuni Detention Center for booking.

12.    On scene Officers did observe, in plain view from the outside of the vehicle, one large clear plastic bag containing a green leafy substance that

6

resembled Marijuana located on the front passenger floor board, a small black colored box that resembled a digital scale located within the arm rest or center console area. A box of clear plastic bags located under the center front seat and floor board and a large unknown amount of U.S. Currency tucked in bundles within the side driver's side door pocket or compartment.

13. Based on Affiant's training and experience, the described articles observed in plain view are known to be the essential components of illegal narcotics activity and distribution. C.I. Leekity sealed all possible entry points to the vehicle with evidence tape securing and seizing the vehicle as evidence pending the application of a Search Warrant. The right rear passenger door window was open approximately 4 to 5 inches and was eventually covered and sealed with paper bags and duct tape by Chief Trimble and Criminal Investigator Leekity. All doors were locked and secured by DILLION CHEAMA prior to C.I. Leekity's arrival. The vehicle was placed on a Police hold and towed to Big "B" Towing.

14. At about 9:00 AM, CI Leekity proceeded to the area of Weahkee Drive and State Highway 53 to meet with possible witnesses. On site, CI Leekity briefly met with the initial complainant, Donavon Kallestewa and the two witnesses who initially came forward, identified as Valentino W. Zunie and Wilbur Haskie. CI Leekity confirmed the witnesses' statements and observations that were initially reported to Zuni Dispatch and Officer Simplicio, which included the

description of the vehicle and description of the passenger who pointed a handgun at the witnesses.

15. At about 9:00 a.m., CI Leekity requested K-9 Officer Devan Lalio's assistance who later met with CI Leekity at the Zuni Police Department. CI Leekity requested for K-9 Officer Lalio to conduct a Police K-9 Search around the exterior of the vehicle for illegal narcotics detection. K-9 Officer Devan Lalio and K-9 Drako received their Certificate of Completion and Competency Narcotics Detection/Tracking Dog Handler on December 18, 2015 from Worldwide Canine, Inc.; Spring Branch, Texas after successfully completing a 120 hour course of instruction in the operation of Narcotics Detection/Tracking Dog Handling in the search of illicit narcotics and contraband, and tracking. Affiant was provided the following information via K-9 Officer Lalio's Supplemental Report:

16. At about 10:15 a.m. K-9 Officer Lalio arrived at Big "B" Towing Yard #21 DY Springs Road. The gold Chevy Impala bearing New Mexico license plate NFW031 sedan was parked in a locked gated area. The gold Chevy Impala sedan had visible evidence tape along the door indicating the vehicle was sealed and no one had tempered with it. K-9 Officer Lalio deployed K-9 Drako starting at the right rear corner bumper. K-9 Drako began actively sniffing and showed behavior change as he approached the right side front and rear passenger doors. The behavior change included a sudden stop and noticeable whipping of the head.

17. K-9 Drako immediately alerted on illegal narcotic odor on the front right passenger door, by sitting outside of the vehicle in front of the door, locking on and staring at the odor and would not move. K-9 Drako was rewarded and pulled off the odor. He was deployed again starting from the right front corner bumper and he began sniffing along the front bumper to the driver side front door where he noticeably sniffed on the front driver side door handle and again alerted on the illegal narcotic odor, by sitting in front of the door, locking on and staring at the odor and would not move. K-9 Drako was rewarded and pulled off the odor.

18. He was deployed once more starting from the left rear bumper. He began actively sniffing and showed behavior change as he approached the rear trunk. The behavior change included a sudden stop and noticeable whipping of the head. He sniffed along the seam of the trunk and immediately alerted on illegal narcotic odor on the rear trunk, by sitting in front of the door, locking on and staring at the odor and did not move. He was rewarded and the detection search was ended. The vehicle was left in the secure fenced area of BIG "B" Towing Yard.

19. Based upon the information provided in this affidavit Affiant submits there is probable cause to believe that DILLION CHEAMA, year of birth 1994, an adult member of the Pueblo of Zuni Tribe, engaged in Illegal Narcotics activity in a Gold Chevy Impala bearing New Mexico License plate number of: NFW031,

within the boundaries of the Zuni Indian Reservation, in violation of: 18 United States Code (USC), Section: §1153; Major Crimes Act; and 21 United States Code (USC), Section: §841; Prohibited acts A; (a) (1). Affiant is respectfully requesting and applying for a Search Warrant to seize from the vehicle belonging to JOANNE V. CHEAMA, (See Attachments). I swear this information to be true.

_____<br>
Vinton Ghachu<br>
Police Lieutenant<br>
Zuni Tribal Police Department

Subscribed and Sworn to before me
This __1st__ Day of __Sept.__ 2016

_____
United States Magistrate Judge

10

# Attachment A

Place to be searched is a gold in color 2001 Chevy Impala 4-door sedan. The vehicle currently has a New Mexico License Plate number of NFW031 displayed on the rear bumper of the vehicle. The Vehicle Identification Number (VIN) found displayed within the vehicle is 2G1WF55K019177602 and is registered to a Joanne V. Cheama who has a mailing address of P.O. Box 1082 Zuni, New Mexico 87327. Joanne V. Cheama does have a physical address of Space #5 White's Trailer Park, Zuni, New Mexico 87327. The above mentioned vehicle does have tinted windows. The above mentioned vehicle is currently located at Big "B" Towing Yard - #21 DY Springs Road, Zuni New Mexico which is located within the Exterior Boundaries of the Zuni Reservation. The vehicle is secured by a locked chainlike fence and is monitored by the owner of the Tow Yard identified as Bradley Peyketewa. The above mentioned vehicle has also been properly secured with evidence tape pending approval of the Search Warrant.



# Attachment B

**Items to be seized:** Affiant requesting to search the vehicle and seize any and all Illegal Narcotics substance and/ or Drug Paraphernalia, records or ledgers, Indicia of ownership, telephone records, and cell phones, and cell phone bills and records, and weapons which may have been used in the commission of the crime and may be associated to the events leading to the initial incident, and or other crimes.

1. Any and all drugs and/or narcotics including but not limited to Cocaine HCL, Cocaine Base, Methamphetamine, Heroin, Marijuana.
2. Money, counting machines, money wrappers and/or work sheets, tally sheets or ledger sheets reflecting or accounting for money received, disbursed, or exchanged and computer disks, linked to drug transactions.
3. Any and all records of bank accounts, credit card accounts, records reflecting the rental of safety deposit boxes, safety deposit box keys, records reflecting vehicles, aircraft or vessels owned, purchased, sold or leased and Federal and State tax returns and work papers.
4. Any evidence of ownership or control of the vehicle to be searched including on, rental agreements, and representative exemplars or original handwriting.
5. Ledgers, narcotic customer lists, narcotic supplier lists, correspondence, notations, logs, receipts, journals, books and/or other papers noting the price,
6. Quantity and/or quality of narcotics and/or noting the persons to or from whom places and where and/or items when narcotics were obtained, transferred, sold

or distributed and/or indicating amounts due and owing on account of narcotics transactions.

7. The personal telephone and address books, papers, and/or items reflecting names, addresses and/or telephone numbers of associates in narcotics activity, any and all cell phones, pagers, phone cards, police scanners used to facilitate narcotic violations

8. Paraphernalia used in the packaging for sale and transportation of controlled substances and/or dangerous drugs consisting of and including paper bindles, plastic bags, and glass vials, small bottles, and any other containers that are used, as well as any and all scales.

9. Any and all articles of personal property tending to establish the identity of persons in control of the ~~residence~~ vehicle [KBM], and any containers which may be found within including receipts.

10. Any and all firearms and deadly weapons located within the described vehicle.

11. ~~And other items with any nexus to the illegal activity transpiring in this vehicle.~~ KBM 9/1/2016

Affiant believes that sufficient probable cause exists for the issuance of a search warrant. Affiant respectfully requests that a search warrant be issued authorizing AFFIANT or any Law Enforcement Officer commissioned with the Zuni Police Department and/or any other commissioned Law Enforcement Peace Officer within the State of New Mexico.

3

